"O"

# UNITED  STATES  DISTRICT  COURT

## FOR  THE  CENTRAL  DISTRICT  OF  CALIFORNIA

| | |
|---|---|
| LEONCIO HERRERA, | CASE NO. SACV 08-0375 AG (MLGx) |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| LOUISVILLE LADDER GROUP, LLC, et al., | |
| Defendant(s). | |

This case involves a products liability claim arising out of an incident where Plaintiff Leoncio Herrera ("Mr. Herrera") fell off of a sixteen foot extension ladder, causing him serious injuries.  Defendant Louisville Ladder Group, Inc. ("Louisville Ladder") now brings a Motion for Summary Judgment ("Motion").  After considering all arguments and papers submitted, the Motion is DENIED.

## BACKGROUND

On March 10, 2007, Mr. Herrera, a roofer's helper, attempted to step off of the roof of a house onto a 16-foot extension ladder manufactured by Louisville Ladder.  (Louisville Ladder's

Motion, Exh. A, Herrera Deposition ("Herrera Depo.") 44:18-49:16; 50:12-23.)  While he attempted to step off of the roof, the ladder began to slide at the top support, which caused him to lose his balance and fall ten feet to the ground.  (*Id.*)  As a result of the fall, Mr. Herrera is now a quadriplegic and requires full time nursing care.

Mr. Herrera brought this action against Louisville Ladder for strict products liability and negligence.  Louisville Ladder now moves for summary judgment.

## PRELIMINARY MATTERS

Mr. Herrera filed five objections to Defendant's Statement of Uncontroverted Facts and Conclusions of Law.  The Court did not rely on the evidence to which Mr. Herrera objected.

Louisville Ladder made 30 objections to evidence submitted opposing the Motion.  The Court gave Mr. Herrera leave to file supplemental declarations to cure the evidentiary deficiencies.  Louisville Ladder now brings 13 objections to the supplemental evidence.  Many of these objections are to the Declaration of Plaintiff's Expert Brad Avrit ("Avrit Declaration") on the grounds of impermissible lay or expert opinion.  Louisville Ladder argues that, to the extent Mr. Avrit offers an expert opinion, there is no evidence from which this Court can determine that it is based on scientific, technical, or specialized knowledge.  The Court disagrees.  Mr. Avrit provides a list of documents and data on which he provides, which includes, among other things, industry standards, scientific publications directly relating to ladder safety, and ladder catalogs of Louisville Ladder and other ladder companies.  (Avrit Decl. ¶ 4.)  The Court finds that Mr. Avrit is sufficiently qualified to offer his expert opinion, and that his conclusions are based on scientific, technical, or specialized knowledge.  *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589-90 (1993).  The objections to the Avrit Declaration are OVERRULED.  The Court did not rely on any of the other evidence to which Louisville Ladder objected.

## LEGAL STANDARD

Summary judgment is appropriate only where the record, read in the light most favorable to the non-moving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Material facts are those necessary to the proof or defense of a claim, as determined by reference to substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.  In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  If, and only if, the moving party meets its burden, then the non-moving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact.  *Id*. at 322-23.  If the non-moving party meets this burden, then the motion will be denied.  *Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

## ANALYSIS

Defendant's Motion for Summary Judgment is based on its assertion that Plaintiff's product liability claims fail as a matter of law because: (1) Plaintiff is a sophisticated user of extension ladders and therefore cannot assert claims based on a defective warning; (2) Plaintiff noticed but did not read the warnings and therefore cannot prove that defective warnings proximately caused his injuries; and (3) no reasonable juror could conclude that a defect in the extension ladder's design or warnings caused Plaintiff's fall.  (Motion 1:10-19.)

## 1.    SOPHISTICATED USER

Defendant's first argument for summary judgment is that "under the sophisticated user doctrine, Plaintiff is barred as a matter of law from asserting product liability claims based on an alleged warnings defect."  (Memorandum of Points & Authorities in Support of Defendant's Motion ("Motion Br.") 16:3-5.)  In *Johnson v. American Standard, Inc.*, 43 Cal. 4th 56, 61 (2008), the California Supreme Court adopted the sophisticated user doctrine.  The *Johnson* court held that "[a] manufacturer is not liable to a sophisticated user of its product for failure to warn of a risk, harm, or danger, if the sophisticated user knew or should have known of that risk, harm, or danger." *Id.* at 71.  The doctrine is applicable to both negligence and strict liability claims.  *Id.* at 72-73.  So, to prevail on the sophisticated user defense, Defendants "must show both that a sophisticated user of extension ladders should have known of the risk about which [Defendant] assertedly failed to provide adequate warning, . . . and that at the time of his injury, [Plaintiff] was a 'sophisticated user.'" *Castellanos v. Louisville Ladder, Inc.*, No. C-082009 MMC, 2009 WL 1299133 (N.D. Cal. May 11, 2009).

The *Johnson* court provided guidance as to deciding whether a sophisticated user should have known of the risks.  "The relevant time for determining user sophistication for purposes of this exception to a manufacturer's duty to warn is when the sophisticated user is injured and knew or should have known of the risk." 43 Cal. 4th at 73.  The focus of the inquiry is "whether the danger in question was so generally known within the trade or profession that a manufacturer should not have been expected to provide a warning specific to the group to which [the plaintiff] belonged." *Id.* at 74.

In *Johnson*, the facts showing that the plaintiff was a sophisticated user were "undisputed." *Id.* at 63.  There, the plaintiff was a "trained and certified heating, ventilation, and air conditioning ("HVAC") technician." *Id.* at 61.  That plaintiff completed a year-long course on HVAC systems at ITT Technical Institute. *Id.*  He received the "highest certification an HVAC technician can obtain" from the Environmental Protection Agency after passing a five-part exam. *Id.*  That certification was required to work on and purchase the product at issue. *Id.*

4

The facts presented by Mr. Herrera tell a different story.  Mr. Herrera left school after the sixth grade.  (Declaration of Mr. Herrera in support of his Opposition ("Herrera Decl.") ¶ 3.)  He was not trained as a roofer, and was not a member of any union.  (Herrera Decl. ¶ 7.)  Mr. Herrera started out delivering roofing materials to job sites, and later became a "roofer's helper." (Herrera Decl. ¶ 6.)  Although Mr. Herrera attended several safety classes through his employer, where he was told that ladders should be tied down, he was never actually trained on *how* to tie down a ladder.  (Herrera Decl. ¶ 8.)  And, unlike the product in *Johnson*, no special license or certification is required to purchase or use an extension ladder.  *See Castellanos v. Louisville Ladder*, 2009 WL 1299133, at *2 n. 1 (noting that "it is unclear whether the sophisticated user defense applies where sales of the product at issue are not limited to sophisticated users").

When the Court views the evidence in the light most favorable to the non-moving party, it cannot find that Mr. Herrera is a "sophisticated user."  Summary judgment on the sophisticated user doctrine is DENIED.

**2.     FAILURE TO READ WARNING**

Next, Louisville Ladder argues that Mr. Herrera "is barred as a matter of law from asserting product liability claims based on an alleged warnings defect because he noticed but did not read the warnings and instructions posted on the subject ladder."  (Motion Br. 18:19-22.) Mr. Herrera admitted that he noticed but did not read a warning label attached to the subject ladder, which contained the phrase "Secure top and bottom of ladder from movement where possible."  (Herrera Deposition 29:8-30:6.)

"Strict liability applies to inadequate warnings or failures to warn." *Haynes v. National R.R. Passenger Corp.*, 423 F. Supp. 2d 1073 (C.D. Cal. 2006) (citing *Anderson v. Owens-Corning Fiberglass Corp.*, 53 Cal. 3d 987, 1000 (1991)).  Normally, undisputed evidence that a plaintiff failed to read instructions or warnings which were provided with the product is sufficient to entitle the defendant to judgment as a matter of law.  *See Motus v. Pfizer, Inc.*, 358 F.3d 659, 661 (9th Cir. 2004) (affirming summary judgment on product liability claim based on

1   insufficient warning of side effects because the duty is to warn doctors prescribing the

2   medication, rather than patients, and the doctor did not read the published warnings).

3        But a manufacturer may not avoid liability by merely giving a warning of a product defect

4   to the user when the manufacturer has reason to believe that the user will not heed the warning.

5   *Balido v. Improved Machinery, Inc.*, 29 Cal. App. 3d 633, 648 (1972), rejected on other grounds

6   by *Foglio v. Western Auto Supply*, 56 Cal. App. 3d 470 (1976).  It is "a question of fact whether

7   a manufacturer would reasonably anticipate that a wholesaler, a dealer, a retailer, an owner, or a

8   user, may not positively respond to warnings."  *Id.*

9        The warning that Louisville Ladder relies on is in lettering that is 1/16th of an inch high,

10  is one of 42 sentences on the label, and the label is one of 12 labels on the ladder.  (Avrit Decl. ¶

11  5.3.)  A reasonable jury could find that the very nature of the label's inadequacy is what caused

12  Mr. Herrera to ignore it.  Thus, a genuine material issue of fact exists, and summary adjudication

13  of this issue is DENIED.

14

15  **3.    CAUSATION**

16

17        Finally, Louisville Ladder argues that Mr. Herrera's "product liability claims are barred

18  as a matter of law because [Mr. Herrera] cannot show that a defect in the subject extension

19  ladder proximately caused his injuries."  (Motion Br. 19:21-23.)  To prove a product liability

20  claim, a plaintiff  "must prove that the defective products supplied by the defendant were a

21  substantial factor in bringing about his or her injury."  *Bockrath v. Aldrich Chem. Co., Inc.*, 21

22  Cal. 4th 71, 79 (1999) (citation omitted).  The issue of causation is normally an issue to be

23  determined by the jury, but when "reasonable minds will not dispute the absence of causation,

24  the question is one of law."  *Sarver v. Travelcenters of America, Inc.*, 319 Fed. Appx 460, 461

25  (9th Cir. 2008) (citing *Nola M. v. University of Southern California*, 16 Cal. App. 4th 421, 427-

26  28 (1993)).

27        Here, reasonable minds could differ as to whether a defective design in the ladder caused

28  Mr. Herrera's fall.  Mr. Herrera has provided the Court with expert testimony that "the base of

the ladder is too narrow relative to the extended height of the ladder, and the ladder rails are smooth aluminum that provide minimal frictional resistance against a roof or board edge to protect against the rails from sliding sideways when a side load is imparted to the ladder, and the ladder is lightweight." (Avrit Decl. ¶ 5.1.)  A reasonable jury could conclude that these defects caused Mr. Herrera's fall.  Accordingly, summary adjudication on this issue is DENIED.

**DISPOSITION**

Louisville Ladder's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

DATED: November 16, 2009

_____
                Andrew J. Guilford
           United States District Judge